CITY OF COLUMBUS, APPELLANT, *v.* RUGG ET AL., APPELLEES; ET AL.

(No. 5003—Decided February 15, 1954.)

*Mr. Chalmers P. Wylie,* city attorney, *Mr. Samuel B. Randall,* and *Mr. J. Russell Leach,* for appellant.

*Mr. B. N. Murray,* for appellee Dayton M. Rugg.

*Mr. John F. Carlisle,* for appellees Henry L. Young, Ethel M. Young, and Cora Rugg.

WISEMAN, P. J. This is an appeal on questions of law from an order of the Common Pleas Court of Franklin County in a proceeding in which the court retaxed the costs pursuant to Section 3697, General Code.

A brief recitation of the facts will suffice. The city of Columbus appropriated certain property, owned by the defendants, to be used for a water filtration plant. The jury assessed the compensation at $50,000, which covered the entire tract and the interests of all defendants. The city failed to exercise its right to take the property. The city did not pay the defendants the amount assessed or deposit the award with the court.

The city, in declining to take the property, exercised its option under Section 11091, General Code, which provides that it must pay the costs.

Section 3697, General Code, provides:

"When a municipal corporation makes an appropriation of property, and fails to pay or take possession thereof, within six months after the assessment of compensation shall have been made, its right to make such appropriation on the terms of the assessment so made shall cease and determine, and lands so appropriated shall be relieved from all incumbrance on account of any of the proceedings in such case, and the judgment or order of the court directing such assessment to be paid shall cease to be of any effect, except as to the costs adjudged against the corporation. Upon motion of any defendant, such costs may be retaxed, and a reasonable attorney's fee paid to the attorney of such defendant, which, together with any other proper expenses incurred by the defendant, may be included in the costs."

The record shows that the city failed to pay the award or take possession within a period of six months as provided in Section 3697, General Code. After the expiration of six months the defendants filed similar motions requesting the court to retax the costs as provided in that section. The statute expressly provides that the court may include in the costs "reasonable attorney's fees paid to the attorney of such defendant." In the instant case it is conceded that the defendants had not paid fees to their attorneys. The plaintiff contends that the court is without authority to include a reasonable attorney fee unless the attorney has received such fee from the client; and that the statute makes payment by the client a prerequisite to the including of an attorney fee by the court. We do not so construe the statute. The contention of the plaintiff would require the court to construe the statute as though it read, "fee paid to the attorney *by* such defendant." It will be observed that the words of the statute are, "*of* such defendant." The words, "of such defendant," are descriptive only and have no other meaning. The statute contemplates that the defendant in such a proceeding has a right to be and will be represented by counsel; that valuable legal services will be rendered; and that the defendant and his counsel are entitled to be protected by an assurance of the payment for such services in the event plaintiff declines to take the property and pay the award. In our opinion, the use of the words, "fee paid," embraces payment to the attorney of the defendant under the order of the court retaxing the costs. It should be noted that as a general rule attorney fees are not costs; hence the necessity for an express statutory provision authorizing the court to include as part of the costs a reasonable attorney fee.

The plaintiff contends further that the defendants

did not incur the expenses of attorney fees; that the attorney fees were contingent on the collection on behalf of the defendants of the amount awarded by the jury; and that since the award was not paid by the city nothing was due to the attorneys under their agreements.

The attorney for Dayton M. Rugg introduced into evidence a written agreement entered into between him and Rugg which provides that the attorney shall receive as his compensation 40 per cent of the amount recovered above the amount offered by the city. The city offered $30,000, the jury awarded $50,000, and the excess was $20,000. Rugg owned the one-half interest in said property. On this basis his attorney claims his fee amounts to 40 per cent of $10,000, to wit, $4,000. The attorney for the other defendants makes a like claim, although the agreement as to his compensation was oral. He claims a fee of $3,882.92. The amount of fees claimed was allowed by the court as part of the costs.

The question here presented is whether under their agreements as to compensation the attorneys were entitled to fees in the event the city failed to take the property and pay the award. We do not concede that under the statute this question is determinative of the authority of the court to allow a reasonable attorney fee, but since the question is urged we proceed to consider and rule on this assignment of error. Plaintiff contends that there is nothing due the attorneys under the agreements with their clients; and that the attorneys must be held to have waived any right to fees for the services here involved. We do not agree. The agreements as to compensation are susceptible to the construction that the attorneys were to receive for their services 40 per cent of the amount of the award of the jury in excess of $30,000, and that the payment

of compensation was not dependent upon the payment of the award by the plaintiff. We have examined the record and find that the defendants testified, both in chief and on cross-examination, that they agreed to pay 40 per cent of the amount awarded in excess of $30,000; that they recognized their obligations to compensate their attorneys on this basis. In view of the ambiguity in the contracts, we have no hesitancy in placing that construction upon them, which the defendants and their attorneys have so placed and which this court believes to be reasonable.

There is ample evidence in the record from which the trial court was able to determine the reasonable value of the legal services rendered by the attorneys. We are of the opinion that the trial court may consider all legal services rendered by the attorneys incident to the appropriation proceeding, whether such services were rendered before or after the proceeding was instituted.

The court found that the fees claimed by the attorneys were reasonable and taxed the same as part of the costs. No question is raised as to the reasonableness of such fees.

As we find no error in the record prejudicial to the rights of appellant, the judgment is affirmed.

*Judgment affirmed.*

MILLER and HORNBECK, JJ., concur.